UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-21622-CIV-MORENO

TRADEX GLOBAL MASTER FUND SPC LTD., THE ABL SEGREGATED PORTFOLIO 3 and TRADEX GLOBAL MASTER FUND SPC, LTD., THE ORIGINAL SEGREGATED PORTFOLIO 3, on behalf of themselves and all others similarly situated,

      Plaintiffs,

vs.

PALM BEACH CAPITAL MANAGEMENT, LLC, ADMIRAL ADMINISTRATION LTD., KAUFMAN, ROSSIN & CO. (CAYMAN), KAUFMAN, ROSSIN & CO., BRUCE F. PREVOST and DAVID W. HARROLD,

      Defendants.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Defendants Palm Beach Capital Management LLC, Bruce F. Prevost, David W. Harrold's Motion to Dismiss **(D.E. No. 34)**, filed on August 13, 2009. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 68)** on **December 4, 2009**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and

Recommendation (**D.E. No. 68**) on **December 4, 2009** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1) Defendants Palm Beach Capital Management LLC, Bruce F. Prevost, David W. Harrold's Motion to Dismiss is GRANTED. The Court agrees the forum selection clause is enforceable even though Palm Beach Offshore, the hedge fund that is managed by Defendant Palm Beach Capital Management LLC, did not sign the subscription agreement. *Thompkins v. Lil' Joe Records*, 476 F.3d 1294, 1305 n.12 (11th Cir. 2007) (holding that it is sufficient that the party against whom the contract is sought to be enforced signs the contract).

(2) The Court also finds the exemption for fraud and overreaching does not apply to preclude the Court's enforcement of the forum selection clause. The fraud and overreaching must be specific to a forum selection clause to invalidate it. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). While Plaintiffs have pointed to case law to support the position that a general finding of fraud is sufficient to invalidate a forum selection clause, the Court does not find that case law controlling here. Rather, *Scherk* and its progeny control. Plaintiffs' challenge to the forum selection clause is not separate and distinct from its challenge to the entire agreement. Put another way, the Court will not set aside a forum selection clause that itself was not procured through fraud or overreaching.

(3) Finally, the Court agrees and adopts Magistrate Judge Torres's recommendation that enforcing the forum selection clause would not violate public policy for the reasons stated

in the Report.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of February, 2010.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Edwin G. Torres

Counsel of Record