**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-21622-CIV-MORENO/TORRES

TRADEX GLOBAL MASTER FUND
SPC LTD., THE ABL SEGREGATED
PORTFOLIO 3, and TRADEX GLOBAL
MASTER FUND SPC LTD., THE
ORIGINAL SEGREGATED
PORTFOLIO 3, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

PALM BEACH CAPITAL
MANAGEMENT, LLC, ADMIRAL
ADMINISTRATION LTD., KAUFMAN,
ROSSIN & CO. (CAYMAN), KAUFMAN,
ROSSIN & CO., BRUCE F. PREVOS
and DAVID W. HARROLD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON ADMIRAL'S MOTION FOR ATTORNEYS' FEES AND COSTS

This matter is before the Court on Defendant Admiral Administration Ltd.'s ("Admiral") Motion for Attorneys' Fees and Costs [D.E. 93] against Plaintiffs Tradex Global Master Fund SPC Ltd., the ABL Segregated Portfolio 3, and Tradex Global Master Fund SPC Ltd., the Original Segregated Portfolio 3 (collectively "Plaintiffs"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 7.3(A), and Plaintiffs' contractual agreement.[1]  Plaintiff responded in opposition on April 16, 2010

---

[1] On April 26, 2010, the Honorable Federico A. Moreno referred this matter to the undersigned Magistrate Judge. [D.E. 103].

[D.E. 98], and Defendant filed its reply on May 10, 2010 [D.E. 104]. The matter is thus ripe for disposition. After careful review of the record and the arguments presented, we conclude that Admiral's Motion should be Denied.

## I. BACKGROUND

On June 12, 2009, Plaintiffs filed their original class action complaint against Admiral in the United States District Court for the Southern District of Florida. [D.E. 1]. By order dated March 1, 2010, the Court affirmed and adopted the undersigned's Report and Recommendation and dismissed Admiral from this action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, because the Cayman Islands has exclusive jurisdiction over this action pursuant to the forum selection clause contained in the parties' Subscription Agreement. [D.E. 88]. Plaintiffs are signatories to the Subscription Agreement (Group Ex. A), and the Court enforced Admiral's foreseeable decision to invoke the forum selection clause contained in the Subscription Agreement [D.E. 88].

Defendant Admiral then filed this motion for attorneys' fees and costs on March 31, 2010. [D.E. 93]. Admiral argues that in signing the Subscription Agreement Plaintiffs expressly agreed that they would indemnify Admiral against any loss, cost or expense, including attorneys' fees, which may result from a breach of a covenant or agreement set forth in the Subscription Agreement. (Group Ex. A, ¶ 4.) Specifically, the Subscription Agreement provides:

> Subscriber [plaintiffs] agrees to indemnify and hold harmless the Fund, its Directors, officers, legal advisors, the Investment Manager and the Administrator [Admiral] against any loss, liability, cost or expense (including attorneys' fees, taxes and penalties) which may result, directly

> or indirectly, from any misrepresentation or breach of warranty, condition, covenant or agreement set forth herein or in any other document delivered by Subscriber to the Fund. [D.E. No. 93, Ex. A, ¶ 15.].

In addition, the Subscription Agreement stipulates that any action arising from the agreement shall be resolved exclusively within the Cayman Islands. [D.E. No. 93, Ex. A, ¶ 4]. Accordingly, Admiral alleges that because Plaintiffs breached the Subscription Agreement when they filed suit outside the Cayman Islands, Admiral is therefore entitled to recover the attorneys' fees and expenses incurred in defending against the action improperly brought in this forum.

In opposition, Plaintiffs filed a response to Admiral's motion on April 16, 2010, and argued that: (1) Admiral is not entitled to attorneys' fees because they are not yet a "prevailing party"; (1) Admiral can seek attorneys' fees and costs, if at all, only in the Cayman Islands; (3) the Subscription Agreement's indemnity clause applies only to third-party claims; and (4) at most, Admiral an recover only fees and expenses relating to its enforcement of the forum selection clause.

## II.  ANALYSIS

Despite this Court's dismissal of Plaintiffs' Complaint because the Cayman Islands have exclusive jurisdiction over this action, Admiral nevertheless maintains that it is entitled to an award of attorneys' fees and costs in this forum. The forum selection clause that we relied upon in the original dismissal, and that Plaintiffs urged us to apply in their favor, states:

> The parties agree that any action or proceeding arising directly, indirectly or otherwise, in connection  with, out of, related to, or from, this Subscription Agreement, any breach thereof, or any transaction covered

> hereby, shall be resolved, whether by arbitration or otherwise, exclusively within the Cayman Islands. Accordingly, the parties consent and submit to the exclusive jurisdiction of the courts located within the Cayman Islands. The parties further agree that any such action of proceeding brought by either such party to enforce any right, assert any claim, or obtain any relief whatsoever in connection with this Subscription Agreement shall be commenced by such party exclusively in the Cayman Islands. [D.E. No. 93, Ex. A, ¶ 15.].

We find that the unambiguous effect of this clause compels us to deny Admiral's motion. Permitting Admiral to enforce the agreement and collect attorneys' fees and costs would be inconsistent with both the plain language of the parties' agreement and this Court's prior dismissal.

Admiral contends that because it succeeded in having Plaintiffs' complaint dismissed for improper venue, it is a prevailing party and thus should be awarded attorneys' fees pursuant to the Subscription Agreement's indemnity clause stated above. However, before turning to the issue of whether Admiral would even qualify as a prevailing party, we must point out that the language of the indemnity clause here does not contain traditional prevailing party language. Rather, the "indemnify and hold harmless" clause included in the relevant portion of the agreement arguably is not applicable to claims asserted between the parties. As such, the cases that Admiral relies upon to support its position – because they awarded attorneys' fees to a party that prevailed on a motion to dismiss on venue or forum selection purposes – are distinguishable because they involve prevailing party terms that are much more definitive than here. *See Jim Cooley Constr., Inc. v. N. Am. Constr. Corp.*, 46 F.3d 1151, 1995 WL 3973, *2 (10th Cir. Jan. 4, 1995) ("the non-prevailing party shall pay the prevailing party reasonable attorney's fees."); *Lescare Kitchens, Inc. v. Home Depot*

*U.S.A., Inc.*, 1998 WL 720536, * 3 (D. Conn. 1998) ("Should [Defendant] use the services of an attorney to enforce any of its rights [under the agreement], or to collect any amounts due, [Plaintiff] shall pay [Defendant] for all costs and expenses incurred, including reasonable attorney's fees."); *Esi Cos., Inc. v. Ray Bell Constr. Co., Inc.*, No. W2007-00220-COA-R3-CV, 2008 WL 54463 (Tenn. Ct. App. Feb. 29, 2008) (explicitly specifying that Defendant could recover attorneys' fees from plaintiff in the event of a contract breach).

Here, on the other hand, the operative language of this indemnity clause does not contain an uncontrovertible prevailing party provision for enforcement of any aspect of the agreement. Indeed, Plaintiffs' credibly argue that this indemnity clause should not apply to the pending dispute between the parties because the clause was intended to apply only to third-party claims. Admiral, by contrast, argues that this same type of indemnity language has been treated as a prevailing party-type provision as between the parties to the agreement. We recognize that there is conflicting authority on the issue of whether indemnification and hold harmless clauses apply to intra-party disputes. We do not find not, as Admiral would urge, that the indemnity clause "expressly and unmistakably provide[s] for indemnification of claims asserted between the parties." *Tecnoclima, S.p.A. v. PJC Group of New York, Inc.*, 1995 WL 390255, *2 (S.D.N.Y. June 30, 1995). Moreover, Admiral, however, has not pointed us to any definitive authority on the subject applying Cayman Islands law. Indeed, Admiral ignores that entire issue even though this indemnity provision, and

specifically the interpretation as to what these terms mean, and what the parties intended, is governed by Cayman Islands law.

It should come as no surprise, then, to either party that we do not know what Cayman Islands law has to say about this issue. But we do know that we should decline to resolve this question as it is an issue for the courts in the Cayman Islands, and *only* for the courts in the Cayman Islands, where any action pertaining to the Subscription Agreement must be enforced. In contrast to the conflicting indemnification and hold harmless analysis, we find that the explicit and sweeping language of the forum selection clause, i.e., "any action or proceeding . . . directly [or] indirectly . . . related to [] this Subscription Agreement," undoubtedly encompasses Admiral's motion for attorneys' fees and costs.

Given this forum selection clause's evident manifestation of the parties' intent, Admiral's cases in support of its position are inapposite. For example, in *Jim Cooley Constr.*, the court enforced a very clear and precise prevailing party provision in the face of a forum selection clause that simply stated that legal proceedings had to be filed in Bexar County, Texas. *See Jim Cooley Constr.*, 1995 WL 3973, at *1. Similarly, *Lescare Kitchens* involved a forum selection clause that only stated "[t]he Order shall be construed and enforced in accordance with the laws of the State of Georgia. The courts within the State of Georgia will have exclusive jurisdiction." *Lescare Kitchens*, 1998 WL 720536, at *1.

Here, as opposed to the aforementioned cases, the forum selection clause is quite specific and expressly all-inclusive. Consequently, there is no reason for this Court to

now disregard the agreement that it previously enforced, for the sake of enforcing a "prevailing party" provision that lacks any prevailing party language, and instead is an indemnity provision that Admiral seeks to interpret in very broad fashion to encompass a prevailing party concept. Admiral has cited no case that presents this type of situation, and we have found none.

We are thus firmly convinced by Plaintiffs' position that under these circumstances to interpret and enforce this agreement now, which we previously refused to do, would be clearly inconsistent with our prior holding. And that conclusion certainly has support in the caselaw. "If the Court were to allow [Defendant] to proceed, it would have the effect of permitting [Defendant] to avoid the Forum Selection Clause, while forcing [Plaintiff] to abide by it." *See Beneficial Holdings, Inc. v. CVS Pharmacy, Inc.*, 2006 WL 288424, * 1-2 (D. Utah Feb. 7, 2006) (The defendant's "motion [for attorneys' fees and expenses] must be denied because the Forum Selection Clause of the . . . Agreement, which prevented the Court from reaching the merits of the . . . dispute, applies with equal force to this Motion. Under the Forum Selection Clause, this Court is not the proper forum to bring such a Motion [i.e., for attorneys' fees and expenses]."); *BioCapital, LC v. Biosystem Solutions, Inc.*, 2009 WL 1815056, * 7 (Conn. Super. Ct. June 1, 2009) ("This finding, however, would require the court to interpret a contract which, for the aforementioned reasons, it declines to exercise jurisdiction over. The court, therefore, declines to exercise jurisdiction over this claim as well.").

We also flatly disagree with Admiral's assertion that our dismissal of this motion "reward[s] Plaintiffs for improperly suing Admiral in this Court." [D.E. 104]. To the contrary, we dismissed Plaintiffs' complaint in this forum – hardly a "reward." Furthermore, Admiral is free to seek attorneys' fees in the Cayman Islands. Even if Admiral should lose its case in that forum, it may still have an opportunity of prevailing on its motion for attorneys' fees as it relates to the improper action brought here. That is, of course, true only if it can convince the Cayman court that the "indemnity and hold harmless" provision it relies upon applies to the parties' dispute on the choice of forum question. Thus, equitable considerations do not urge our granting of Defendant's motion, as Admiral would have us believe.

To the contrary, the sound exercise of discretion – which we are armed with on review of any attorneys' fee dispute – compellingly points us in the opposite direction. We should not be deciding this issue, even if in certain other cases courts have enforced uncontrovertible prevailing party provisions following successful motions to dismiss or transfer for improper venue. In short, given the ambiguity, or at best uncertainty, as to the Subscription Agreement's indemnity clause with regard to claims asserted between the parties, juxtaposed with the decisive and sweeping nature of the forum selection clause, we find that Admiral's motion for attorneys' fees and costs should be denied.

### *III.  CONCLUSION*

For the foregoing reasons, this Court RECOMMENDS that Admiral's motion for attorneys' fees and costs be Denied without prejudice to any similar application to the court in the Cayman Islands.

Pursuant to Local Magistrate Rule 4(b), Defendant has then (10) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 13th day of July, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge